BOARD OF COM'RS OF CLARK COUNTY, KAN., v. WOODBURY.

(Circuit Court of Appeals, Eighth Circuit. May 8, 1911.)

No. 2,846.

*(Syllabus by the Court.)*

1. CONSTITUTIONAL LAW (§ 143*)—CONTRACTS—IMPAIRMENT OF OBLIGATION.

On September 24, 1886, pursuant to chapter 107, Laws of Kansas 1876, the county of Clark subscribed for stock of a railroad company, and agreed to pay for it in its bonds bearing interest at 6 per cent. per annum payable in 30 years from their date and on April 10, 1889, it delivered its bonds so payable according to this contract.

On March 5, 1887, chapter 77, Laws of Kansas 1887, provided that any county in that state might redeem any of its bonds thereafter issued to railroad companies at any time after 10 years from the date of their issue, and Clark county called these bonds in 1902, and gave notice that interest would cease thereon on October 10th in that year.

*Held*, if the act of 1887 was applicable to the bonds in controversy. it impaired the obligation of the county's contract of subscription, and was void, and if it did not apply to them that contract was valid, so that in either case the county was obligated to pay the interest on the bonds for 30 years from their date.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 346–348; Dec. Dig. § 143.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COUNTIES (§ 184*).—BONDS—CONSTRUCTION—STATUTES—ESTOPPEL OF RE-
    CITAL—CHAPTER 107, LAWS OF KANSAS 1876, AND CHAPTER 77, LAWS OF
    KANSAS 1887.
        The fact that there was a recital in the bonds that they were issued
    by virtue of the authority conferred by the act of 1876 and by the acts
    of the Legislature amendatory thereof (Acts 1877, cc. 142, 144) and
    supplemental thereto did not estop the railroad company or the plain-
    tiff, a bona fide purchaser for value, from enforcing the county's obli-
    gation to pay the interest on the bonds after the call because the act
    of 1887 conferred no authority to issue the bonds, and was not amenda-
    tory of or supplemental to the act of 1876.
        [Ed. Note.—For other cases, see Counties, Dec. Dig. § 184.*]

In Error to the Circuit Court of the United States for the District
of Kansas.

Action by John C. Woodbury against the Board of Commissioners
of Clark County. Judgment for plaintiff, and defendant brings error.
Affirmed.

Francis C. Price (W. W. Harvey and H. J. Bone, on the brief),
for plaintiff in error.

C. F. Hutchings (F. D. Hutchings, on the brief), for defendant in
error.

Before SANBORN, VAN DEVANTER, and ADAMS, Circuit
Judges.

SANBORN, Circuit Judge. The plaintiff below was the innocent
purchaser for value of 13 bonds of the county of Clark dated April
10, 1889, payable April 10, 1919, with annual interest at the rate of
6 per cent. per annum evidenced by coupons attached thereto. In
August, 1901, the treasurer of the county gave notice that the county
would pay these bonds at its fiscal agency in New York on the 10th
day of October, 1901, and that they would then cease to bear interest,
and the question in this case is whether or not the plaintiff is entitled
to interest on his bonds since that date. The bonds recited that they
were issued in payment of a subscription of capital stock of a rail-
road company made by the county by virtue of the authority conferred
upon it by the act of the Legislature of Kansas approved February
25, 1876, Laws of Kansas 1876, c. 107, and by acts of the Legislature
amendatory thereof (Laws 1877, cc. 142, 144) and supplemental there-
to. The subscription was made on September 24, 1886, and the ex-
press terms of it were that in payment of the subscription the county
would issue its bonds when the railroad should be completed to the
town of Englewood payable "thirty years after the date thereof bear-
ing interest at the rate of six per cent. per annum payable annually,
for which interest coupons shall be attached." In performance of
this contract the railroad company built the railroad and completed it
to Englewood by March 15, 1888, and on April 10, 1889, in obedience
to a mandamus of the Supreme Court of the state of Kansas (South-
ern Kansas & Panhandle R. R. Co. v. Towner, 41 Kan. 72, 87, 21
Pac. 221), the county issued these bonds, and thereafter the plaintiff
for value bought the coupons in suit and the bonds to which they were

attached without notice of any defense thereto. On March 5, 1887, more than five months after the contract of subscription was made, chapter 77 of the Laws of Kansas 1887, entitled "An act relating to the redemption of bonds issued to railroad companies," was approved. That act provided that all bonds thereafter issued by any county in the state of Kansas to railroad companies should be redeemable at the pleasure of the board of county commissioners at any time after 10 years from the date of their issue, and that it should be the duty of the county treasurer "when there are sufficient funds in his hands belonging to the sinking fund for the redemption of any bonds, to call in and pay as many of said bonds and accrued interest as the sinking fund on hand will liquidate," in the order of their numbers. It was under this statute that the county treasurer issued his call and that the county now claims that the court below erred in its rendition of judgment against it for the interest upon these bonds subsequent to October 10, 1901.

[1] But the contract had been made, and the rights of the county and the railroad company had vested before that act was passed, the county had agreed to take the stock and to pay the company for it with interest-bearing bonds payable 30 years from their date, the railroad company had acquired the obligation of the county to deliver these bonds to it on its completion of the railroad and the county had secured the obligation of the company to deliver to the county its stock. If the act of 1887 is applicable to the bonds here in controversy it necessarily impairs this contract obligation of the county in violation of article 1, § 10, of the Constitution and it is void, for it releases the county from its agreement to pay interest on these bonds at 6 per cent. per annum from October 10, 1901, until October 10, 1919. Bedford v. Eastern Building & Loan Association, 181 U. S. 227, 240, 241, 21 Sup. Ct. 597, 45 L. Ed. 834; Barnitz v. Beverly, 163 U. S. 118, 130, 16 Sup. Ct. 1042, 41 L. Ed. 93. If the act of 1887 is inapplicable to these bonds the agreement to pay this interest stands unimpaired, so that in either case the county is legally bound to pay the interest.

[2] The contention of counsel for the county that the act of 1887 is amendatory of and supplemental to the act of 1876, and that, because the railroad company accepted the bonds which recited that the subscription to stock and the issue of the bonds was made "by virtue of and in full conformity and compliance with the authority conferred" by the act of the Legislature of Kansas of 1876, "and by acts of said Legislature amendatory thereof and supplemental thereto," it and the plaintiff waived and are estopped from maintaining their claim to the interest on the bonds between October 10, 1901, and October 10, 1919, which by the plain terms of the bonds the county bound itself to pay, has not escaped thoughtful consideration. But it cannot prevail (1) because the express stipulation of the bonds upon which the company and the plaintiff had the right to rely is in direct conflict with the position this contention takes and it estops the county from maintaining it, (2) because the recital is not that the bonds were issued in conformity with or subject to the terms of the acts supplemental to and amendatory of the act of 1876, but that they

were issued "by virtue of and in compliance with the authority conferred" by the act of 1876 and the acts amendatory thereof and supplemental thereto, and this recital could not have had reference to the act of 1887, because that act conferred no such authority and (3) because the act of 1887 was neither amendatory of the act of 1876 nor supplemental thereto, but was a separate and independent law.

The judgment below was right, and it must be affirmed.

It is so ordered.